# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: CLYDE RUSK VELTMANN and
DIANTHA LYNN VELTMANN,

No. 11-07-11370 MR

Debtors.

## ORDER DISMISSING CHAPTER 11 BANKRUPTCY CASE

THIS MATTER is before the Court on the United States Trustee's Motion to Dismiss or Convert Chapter 11 Case ("Motion"). The State of New Mexico, Taxation and Revenue Department ("Department"), joined in the Motion, seeking conversion, rather than dismissal of the Debtors' Chapter 11 bankruptcy case. (*See* Docket # 71). Fore Enterprises Ltd., by and through its attorney, Allan L. Wainwright, also joined in the Motion, seeking dismissal. (*See* Docket # 81). At the final hearing on the Motion, held November 13, 2007, the Debtors and the United States Trustee consented to the appointment of a Chapter 11 Trustee as an alternative to dismissal or conversion of the Debtors' bankruptcy case. Ford Motor Credit Company and Fore Enterprises Ltd. continued to urge dismissal rather than conversion to Chapter 7 or appointment of a Chapter 11 Trustee. The Debtors support dismissal over conversion or the appointment of a Chapter 11 Trustee. Michael Hagan, an unsecured, non-priority creditor who did join or not file a response to the Motion, but whose preference is the appointment of a trustee rather than dismissal of the case, also appeared at the final hearing on the Motion by and through his attorney, George Wallace.

After consideration of the Motion in view of the record of this proceeding, the Court finds that there are sufficient grounds for dismissal or conversion of the Debtors' bankruptcy case and that dismissal is in the best interest of the creditors and the bankruptcy estate. In

1

reaching this determination, the Court FINDS:

1.  Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 8, 2007. Debtors did not file all statements and schedules and statement of financial affairs along with their petition, but filed them on June 28, 2007. (*See* Docket # 13).

2.  Debtors' scheduled liabilities total $2,278,963.22, of which $1,929,224.22 is attributable to secured debts, $309,000.00 is attributable to priority tax claims, and $40,739.00 is attributable to unsecured, non-priority claims. *See* Summary of Schedules.

3.  Michael Hagan filed a proof of claim on behalf of himself, individually, and on behalf of Craigmyle Halter Company, LLC for an unsecured, non-priority claim in the amount of $350,000.00.

4.  Debtors' primary asset is Hill Country Claims Management LP, a limited partnership the Debtors value at $62,000,000.00. *See* Schedule B.

5.   Schedule D. identifies six secured claims, including debts associated with three vehicles and two parcels of real property.

6.  Creditors have filed motions for relief from stay as to the vehicles, both parcels of real property, a 1967 Beech aircraft, and certain other collateral. (*See* Docket # 23 - Motion for Relief from Stay filed by Ford Motor Credit Company as to 2006 and 2007 Ford F350s; Docket # 35 - Motion to Modify or Lift Automatic Stay as to 2005 Cadillac Escalade filed by GMAC, LLC; Docket # 25 - Motion for Relief from Stay and Abandonment Nunc Pro Tunc filed by Fore Enterprises, Ltd. as to real property located at 1137 West Service Lane, Ruidoso Downs, New Mexico; Docket # 40 - Motion for Relief from Stay filed by Larry Handlin and Jane Handlin as to real property located on Airport Road, Lincoln County, New Mexico; Docket # 32 - Motion

for Relief from Stay and Abandonment filed by Hill Country State Bank as to 1967 Beech aircraft; Docket # 52 - Motion for Relief from Stay filed by City Bank New Mexico as to a 2005 Orange Chopper motorcycle, two Polaris ATVs and a Bobcat Skid Steer Loader).

7. Ford Motor Credit Company, Fore Enterprises, Ltd., and Larry and Jane Handlin obtained orders granting relief from the automatic stay. (*See* Docket # 29, Docket # 31, and Docket # 60).[1]

8. The Debtors and Hill Country State Bank stipulated to relief from the automatic stay.[2]

9. Debtors indicated that they had been trying to sell their business known as Hill Country Claims Management LP and that they were close to a final deal to sell the same. The expressed that the interjection of a bankruptcy trustee would likely "kill the deal." Debtors did not file a motion to employ a broker until the date of the hearing on the Motion. *See* Debtors' Motion to Employ Broker (Docket # 83).

10. Debtors have not filed a plan of reorganization. Days before the expiration of the exclusivity period[3], Debtors filed a motion to extend the exclusive period within which to file a

---

[1]Debtors filed a motion seeking to set aside the orders for relief from stay obtained by Fore Enterprises, Ltd. and Ford Motor Credit Company. (*See* Docket # 42).

[2]The final hearing on the motion for relief from stay was scheduled on the same date as the Motion. The parties represented at the hearing on the Motion that they had reached an agreement regarding the motion for relief from stay filed by Hill Country State Bank.

[3]The exclusivity period is one-hundred twenty (120) days after the date of the entry of the order for relief. 11 U.S.C. § 1121(b) (". . . only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."). In this case, the exclusivity period expired on October 13, 2007, one-hundred twenty days following the date of the filing of the petition and the date of the entry of the order for relief. *See* 11 U.S.C. § 301(b) ("The commencement of a voluntary petition under a chapter of this title constitutes an order for relief under such chapter.").

plan. (*See* Docket # 50, filed October 11, 2007).

  11. Debtors did not file monthly operating reports until after the United States Trustee filed its Motion.

  12. Debtors sold certain personal property for $12,000.00 without first obtaining authority from the Bankruptcy Court.

  13. Debtors failed to list as assets certain race horses which they admitted ownership of at the meeting of creditors. They did not file amended schedules to reflect these assets as of the date of the hearing on the Motion.

  14. Conversion or dismissal on request of a party in interest is governed by 11 U.S.C. § 1112(b) which provides:

> Except as provided in paragraph (2) of this subsection, subsection (c) or this section and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

  15. "Cause" for dismissal or conversion under 11 U.S.C. includes the following:

> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> . . . .
> (H) failure to timely provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> . . .
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court[.]

11 U.S.C. § 1112(b)(4)(F), (H), and (J).

  16. Sufficient cause exists to warrant dismissal or conversion under 11 U.S.C. §

4

1112(b). Debtors have not filed a plan or disclosure statement within the one-hundred twenty day exclusivity period, and sought to extend that period just shortly before its expiration. They failed to timely file monthly operating reports. They sold property of the estate without first obtaining permission from the Court.

17. Once sufficient cause has been demonstrated, dismissal or conversion is mandatory. 11 U.S.C. § 1112(b) ("... the court *shall* ... convert ... or dismiss "); *In re TCR of Denver, LLC,* 338 B.R. 494, 498 (Bankr.D.Colo. 2006) (noting that when the elements for "cause" have been shown, the court has no choice and no discretion, and must order either dismissal or conversion of the bankruptcy case). But the determination of whether to convert or dismiss lies within the broad discretion of the bankruptcy court, subject to what is in the best interests of creditors and the bankruptcy estate. *In re Helmers,* 361 B.R. 190, 196 (Bankr.D.Kan. 2007)(citations omitted).

18. The following factors are relevant to the Court's consideration of conversion versus dismissal:

> (1) whether some creditors received preferential payments, whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a "single asset,"; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.
>
> *Helmers,* 361 B.R. at 196-197 (quoting 7 Collier on Bankruptcy, ¶ 1112.04[6] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev.2005).

19. In weighing the two alternatives, it is most important for the Court to consider creditors' interests in bankruptcy as compared to outside the bankruptcy. *Id.* at 197 ("What is of the moment here is comparing how the creditors would fare inside as opposed to outside bankruptcy."). In other words, the determination of whether dismissal or conversion is in the best interest of creditors and the bankruptcy estate requires a comparison of the creditors' interests in bankruptcy with the interests they would enjoy under state law. *See Rollex Corp. v. Associated Materials, Inc., (In re Superior Siding & Window, Inc.),* 14 F.3d 240, 243 (4th Cir. 1994) ("[T]he inquiry for this element cannot be completed without comparing the creditors' interests in bankruptcy with those they would have under state law.")(citation omitted).

20. In this case dismissal, rather than conversion is in the best interest of creditors and the estate. Other than the claim of Michael Hagan, which was the result of pre-petition litigation, the majority of the Debtors' creditors are either secured creditors (some of whom have already obtained relief from the automatic stay) or creditors with priority tax claims. Priority tax claims must be paid regardless of whether the Debtors remain in bankruptcy. The Debtors' largest asset is a business valued at significantly more than the total amount of the scheduled debt. Although the Debtors did not file a motion with the Court seeking to employ a broker to sell this asset, they have been attempting to sell their business. *See* Exhibit A - unsigned letter of intent dated October 22, 2007 and term sheet. Appointing a trustee to liquidate this asset would add significant administrative costs with no assurance that a sale through the bankruptcy would be possible, given the nature of the business and the fact that it presently conducts no operations, much less realize the greatest price. While there may be a few other assets that could be liquidated for the benefit of creditors in a Chapter 7 proceeding, the Court finds that dismissal,

6

rather than conversion is in the best interest of creditors and the bankruptcy estate.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED. This bankruptcy proceeding is DISMISSED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Charles E Hawthorne
Attorney for Debtors
900 Sudderth Dr
Ruidoso, NM 88345-7224

Alice Nystel Page
Attorney for United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

James C Jacobsen
Attorney for New Mexico Taxation and Revenue Department
111 Lomas NW Ste 300
Albuquerque, NM 87102-2368

Allan L Wainwright
Attorney for Ford Motor Credit Company, Fore Enterprises, Ltd., and Hill Country State Bank
920 Lomas Blvd NW
Albuquerque, NM 87102-3150

George M. Wallace
Wallace & Schwartz
Attorney for Michael Hagan
215 N Marengo, 3rd Floor
Pasadena, CA 91101