George M. Wallace -- Cal. Bar No. 101472
WALLACE & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
(626) 844-6777; Fax (626) 795-0353
gwallace@wallace-schwartz.com

Attorney for MICHEAL H. HAGAN,
Individually and on behalf of CRAIGMYLE
HALTER COMPANY, LLC, a California
limited liability company

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEW MEXICO

In re                          Case No.: 07-11370-m11

CLYDE RUSK VELTMANN and
DIANTHA LYNN VELTMANN,

        Debtors

## MOTION FOR ORDER TO REOPEN CASE AND FOR ORDER ANNULLING AUTOMATIC STAY

MICHEAL H. HAGAN, individually and on behalf of CRAIGMYLE HALTER COMPANY, LLC, a California limited liability company (referred to in this motion as "Hagan"), hereby requests that the Court

(1)    Order that this case be reopened pursuant to 11 U.S.C. §350(b), and

(2)    After reopening the matter, order the annulment of the automatic stay in this case, for cause, pursuant to 11 U.S.C. §362(d)(1), for the following reasons:

# TABLE OF CONTENTS

*Introduction, Procedural History and Summary of Facts*....................2

*Legal Argument* ...............................................................................8

I. *Pursuant to 11 U.S.C. §350(b), the Court May Reopen a Closed Chapter 11 Case*..........................................................8

II. *The Factual Grounds on Which the Court Has Already Ordered the Dismissal of This Case, and the Debtors' Conduct of Hiding or Attempting to Dispose of Assets While Still in Bankruptcy, Indicate the Debtors' Lack of Good Faith in Seeking Bankruptcy Protection and Provide Cause for the Annulment of the Automatic Stay* .....................9

# TABLE OF AUTHORITIES

**Cases**

*In re Aheong*, 276 B.R. 233 (9th Cir. BAP 2002)......................................................8

*In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984)....................................10

*In re Carbaugh*, 278 B.R. 512 (10th Cir BAP 2002)........................................... 9, 10

*In re Dupuy*, 308 B.R. 843 (Bkrtcy. E.D.Tenn 2004)...............................................11

*In re Fjeldsted*, 293 B.R. 12 (9th Cir. BAP 2003).....................................................10

*In re Williams*, 323 B.R. 691 (9th Cir. BAP 2005)............................................ 10, 11

*Pursifull v. Eakin*, 814 F.2d 1501 (10th Cir. 1987) ..................................................10

**Statutes**

11 U.S.C. §1112................................................................................................13

11 U.S.C. §350...................................................................................................8

11 U.S.C. §362...................................................................................................9

28 U.S.C. §1930.................................................................................................2

**Rules**

Fed.R.Bankr.P. 5010...........................................................................................8

### Introduction, Procedural History and Summary of Facts

This Chapter 11 case was ordered dismissed by the Court on the motion of the U.S. Trustee on November 21, 2007, and the case was subsequently closed. By the present motion, creditor Micheal H. Hagan seeks an order reopening the case, without setting aside the dismissal, and an order to annul the automatic stay previously in effect.

Hagan has already applied once for the order to annul the automatic stay, but did so without also seeking to reopen the case. On March 5, 2008, the Court declined to reach the merits of the application to annul the stay unless and until the case is reopened. The Court directed Hagan, if he wished to continue to pursue annulment of the automatic stay, within ten days thereafter to seek to have the case reopened by filing the appropriate motion and paying the required $1,000.00 filing fee pursuant to 28 U.S.C. §1930(b). Hagan now moves to reopen this case for the limited purpose of obtaining a ruling from the Court on his motion to annul the automatic stay. By this motion, Hagan also renews his motion to annul the stay and provides new and additional evidence in support of that motion.

Shortly after the filing of the original Petition in this case, the U.S. District Court for the Central District of California, with knowledge that the matter was before the Bankruptcy Court and notwithstanding the automatic stay then in place, directed entry of a partial summary judgment against the debtors and in favor of the Micheal H. Hagan. The District Court has recently reaffirmed its judgment, subsequent to this Court's order dismissing the case. In view of the dismissal of this case, and in order to confirm the legitimacy of the District Court judgment

from the time it was originally ordered, Hagan now seeks to reopen this case and to obtain an order *annulling* the automatic stay retroactively.

Hagan is a creditor of debtors Clyde Veltmann and Diantha Veltmann (referred to collectively in this motion as "the debtors" or "the Veltmanns"). The disputes between these parties arise out of Hagan's sale of a business to the debtors. Hagan was formerly the owner of a business manufacturing and selling equine halters and related tack equipment. That business was operated through a California limited liability company, Craigmyle Halter Company, LLC. In April of 2006, Hagan entered into an agreement in principle for the sale of the business and assets of Craigmyle Halter Company, LLC, to defendants Clyde Veltmann and Diantha Veltmann. The Veltmanns formed a Delaware limited liability company, Craigmyle Halters and Tack Manufacturing, LLC, doing business as "The Craigmyle Company," (referred to in this motion as "the Delaware LLC") to accomplish the purchase and to operate the business. The terms of the sale called for a final payment by the debtors to Hagan in the amount of $100,000.00 on or before December 1, 2006. The debt was evidenced by a promissory note from the Delaware LLC to Hagan, with the inventory and equipment of the business serving as collateral. The Veltmanns also executed a personal guarantee in support of the obligation. The December 1, 2006, payment has never been made.

Unable to obtain performance as promised, Hagan commenced an action against the Veltmanns and the Delaware LLC in the United States District Court for the Central District of California on January 17, 2007, entitled *Michael H. Hagan, etc., vs. Craigmyle Halters and Tack Manufacturing, LLC, etc., et al.*, Case No. EDCV 07-64-ODW (referred to in this motion as "the District Court action"), to enforce all obligations under the contract, as well as to obtain tort relief arising

from misrepresentations and other wrongdoing of the defendants in the transaction.[1]

The District Court defendants were served with the Summons and Complaint. A default judgment was entered against Diantha Veltmann on February 28, 2007, but was thereafter set aside. Clyde Veltmann and the Delaware LLC filed their Answer to the District Court Complaint on February 28, 2007; after obtaining relief from her default, Diantha Veltmann filed her Answer to the Complaint on April 3, 2007. All of the District Court defendants collectively filed a First Amended Answer on May 3, 2007.[2]

On May 21, 2007, Hagan filed and served a motion for partial summary judgment in the District Court case against the Veltmanns, seeking to enforce their obligations as personal guarantors of the principal debt.[3] On June 4, 2007, the Veltmanns' California attorneys filed a motion for leave to withdraw from the defendants' representation, citing lack of cooperation by the defendants.[4]

On June 8, 2007, with the motion for partial summary judgment pending, the Veltmanns filed their Petition in this case. Although Hagan possessed an unsecured claim against the debtors in excess of $100,000.00, he was not identified

---

[1]   Declaration of George M. Wallace, ¶2.

[2]   Declaration of George M. Wallace, ¶3.

[3]   Declaration of George M. Wallace, ¶4.

[4]   Declaration of George M. Wallace, ¶5.

The California attorneys -- the law offices of Michael St. Denis -- were listed as creditors in the Veltmanns' Chapter 11 filing, as the Veltmanns acknowledged owing their California counsel attorneys' fees in excess of $17,000. Those attorneys filed a Proof of Claim on July 3, 2007 (Claim #4 in this case) seeking recovery of fees in excess of $22,000.00.

or mentioned in the Petition or in debtors' Schedule F as one of the Veltmanns' largest unsecured creditors. On or about June 14, 2007, the debtors -- in their own behalf and without the using their California counsel -- filed a notice in the District Court that the Chapter 11 Petition had been filed.[5]

The motion of the debtors' California counsel to withdraw and the motion of Hagan for partial summary judgment both came on for hearing in the District Court on June 25, 2007. The District Court granted the motion of debtors' counsel to withdraw, and then indicated an intention to grant the motion for partial summary judgment. Hagan's counsel specifically reminded the District Court that the filing of the Chapter 11 Petition gave rise to an automatic stay.[6] Notwithstanding that reminder, the District Court nevertheless granted the motion for partial summary judgment. The District Court entered its order granting partial Summary Judgment against Clyde and Diantha Veltmann on their personal guarantee on June 27, 2007.[7] Thereafter, because of the automatic stay, Hagan did nothing immediately to attempt to collect on that judgment.

Although the automatic stay precluded enforcement action against the individual debtors, Hagan continued to pursue his claims against the Delaware LLC, as to which no automatic stay was yet in place. On July 31, 2007, Hagan filed a motion seeking summary judgment against the defendant LLC.[8] That motion was scheduled for hearing on August 27, 2007; on August 22, 2007, in

---

[5] Declaration of George M. Wallace, ¶6.

[6] Declaration of George M. Wallace, ¶7, and Exhibit "A" thereto.

[7] A copy of the partial summary judgment was submitted by Hagan as an exhibit to his Proof of Claim (Claim #8) in this case, on September 6, 2007.

[8] Declaration of George M. Wallace, ¶9.

view of the absence of any opposition (the LLC being at that time still being without counsel), the District Court took the motion under submission and vacated the hearing. On August 26, 2007, four days after the District Court had taken the motion under submission and one day prior to the originally scheduled hearing date, the defendant LLC filed its own petition in this Court under Chapter 7.[9] There is no record in the District Court's docket of the defendant LLC ever having notified the District Court of the filing of the Chapter 7 petition.

On September 4, 2007, having already taken the matter under submission and not having been informed of the Chapter 7 case, the District Court issued its order partially granting and partially denying the motion for summary judgment against the Delaware LLC.[10] The order of September 4 directed that the LLC was jointly and severally liable with the individual defendants (the Veltmanns) on the judgment previously ordered, and further directed the foreclosure of plaintiff's rights in the collateral securing the principal debt. On October 26, 2007, this Court granted Hagan relief from the automatic stay in the LLC's Chapter 7 case, permitting him to pursue recovery of the collateral.[11]

On November 21, 2007, on a motion by the U.S. Trustee, this Court directed that this Chapter 11 case be dismissed based on the debtors' failure to comply with their obligations under the Bankruptcy Code.[12] The dismissal order included the following finding:

---

[9] Declaration of George M. Wallace, ¶10.

[10] *Id.*

[11] Declaration of George M. Wallace, ¶11. Plaintiff has had little success in recovering the collateral, as the defendants disposed of it by purported sale to third parties, who in turn have either refused to part with it or denied its existence.

[12] Declaration of George M. Wallace, ¶13.

Motion to Reopen and to Annul Automatic Stay - 6 of 16
Case 07-11370-m11    Doc 100    Filed 03/14/08    Entered 03/14/08 09:22:29 Page 8 of 18

> Sufficient cause exists to warrant dismissal or conversion under 11 U.S.C. §1112(b). Debtors have not filed a plan or disclosure statement within the one-hundred twenty day exclusivity period, and sought to extend that period just shortly before its expiration. They failed to timely file monthly operating reports. They sold property of the estate without first obtaining permission from the Court.

Order Dismissing Chapter 11 Bankruptcy Case, November 21, 2007, ¶16, at pp. 4-5.

Subsequent to the dismissal and the resulting termination of the automatic stay, Hagan has attempted to pursue enforcement of the judgment granted in his favor by the District Court. In a variety of forums, including in at least two suits filed in the state courts of New Mexico, the debtors have insisted that the partial summary judgment against them, having been entered by the District Court at a time when the automatic stay was in force, is absolutely void and unenforceable. In order to establish the legitimacy and enforceability of the District Court's order and judgment, Hagan sought an order of this Court annulling the automatic stay, for cause, retroactively.

Hagan's original motion to annul the automatic stay was filed on January 18, 2008. On February 11, 2008, this Court scheduled a hearing for February 27, 2008, to be limited to the issue of whether Hagan must first seek to reopen the case prior to obtaining any order modifying or annulling the automatic stay. Having conducted that hearing, the Court took the matter under submission, subsequently issuing its order of March 5, requiring a motion to reopen.

*Legal Argument*

### I. *Pursuant to 11 U.S.C. §350(b), the Court May Reopen a Closed Chapter 11 Case*

The power of the Court to reopen an otherwise closed bankruptcy proceeding is established by 11 U.S.C. §350(b). Section 350 provides:

(a) After an estate is dully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Pursuant to Fed.R.Bankr.P. 5010, a case may be reopened "on motion of the debtor or other party in interest pursuant to §350(b) of the Code." Hagan is a party in interest entitled to request that this case be reopened, and in fact has been directed to make that application by the Court. Cause exists to reopen the case for the limited purpose of allowing the Court to consider and rule upon the merits of Hagan's motion for an order annulling the automatic stay.

Because Hagan seeks to reopen the case for the limited purpose of ruling on his motion regarding the former stay, it is not necessary to reverse the dismissal. The Code and case law recognize a distinction between dismissal and closure of a bankruptcy case. E.g., *In re Aheong*, 276 B.R. 233, 239 (9th Cir. BAP 2002). Dismissal, and the effect of dismissal, is addressed by 11 U.S.C. §349. Closing, and reopening, a bankruptcy case is treated separately in 11 U.S.C. §350. The order directing dismissal of this case and the order closing it are filed and docketed separately. Thus, a dismissed bankruptcy case may still be an "open" case for purposes of ancillary matters, such as are encompassed in Hagan's motion.

Pursuant to section 350(b), the Court can and should reopen this case for purposes of addressing Hagan's motion on the automatic stay, but need not alter the order dismissing the debtors' Chapter 11 petition.

> II. *The Factual Grounds on Which the Court Has Already Ordered the Dismissal of This Case, and the Debtors' Conduct of Hiding or Attempting to Dispose of Assets While Still in Bankruptcy, Indicate the Debtors' Lack of Good Faith in Seeking Bankruptcy Protection and Provide Cause for the Annulment of the Automatic Stay*

The automatic stay under 11 U.S.C. §362 generally operates to void any action taken in violation of the stay, even when that action is taken without notice that the stay is in place. The statutory power of the Bankruptcy Court to grant relief from, or otherwise to modify, the automatic stay is broad. E.g., *In re Carbaugh*, 278 B.R. 512, 525 (10th Cir BAP 2002). That authority is codified in subdivision (d) of 11 U.S.C. §362, providing in relevant part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, *annulling*, modifying or conditioning such stay --
>
> > (1)  *for cause*, including the lack of adequate protection of an interest in property of such party in interest . . . .

(Emphasis added.)

> The power to "annul" the automatic stay is the power to grant relief from the stay retroactively, thereby rehabilitating actions that might otherwise be declared void because they were taken while the automatic stay was in force.
>
> > A bankruptcy court has authority to make exceptions to, and to annul, the automatic stay under §362(d). See *Schwartz [v. United States (In re Schwartz),*] 954 F.2d [569] at 572-573 ('Section 362(d) outlines the bankruptcy court's authority to make exceptions to the general operation of the stay.') This authority includes annulment providing retroactive relief, which, if granted, moots any issue as to whether the violating [act] was void because, then, there would have been no actionable stay violation. See *Schwartz*, 954 F.2d at 573.

*In re Fjeldsted*, 293 B.R. 12 (9th Cir. BAP 2003); accord: *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) ["The word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to 'terminating' would be superfluous."]; *In re Williams*, 323 B.R. 691, 699-700 (9th Cir. BAP 2005) ["Postpetition actions taken in violation of the automatic stay, even those undertaken by an actor with knowledge of the bankruptcy filing, may be validated by annulment of the stay."]

"Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis." *In re Carbaugh*, *supra*, 278 B.R. at 525, citing *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987). Beyond this general observation -- affirming the court's breadth of discretion in considering whether "cause" exists -- the 10th Circuit has not addressed the "cause" issue in particular detail. Courts in other circuits, however,

are in apparent agreement that the debtor's good faith, or lack thereof, in filing the bankruptcy case and in complying with the requirements of the Bankruptcy Code during the pendency of the case are factors to be considered in determining whether to annul the automatic stay.

> In *In re Fjeldsted*, 293 B.R. 12, 24-25 (9th Cir. BAP 2003), . . . we approved considerations of additional factors by the bankruptcy court, including: the number of filings; the extent of any prejudice, including to a bona fide purchaser; *the debtor's overall good faith; the debtor's compliance with the Code*; how quickly the debtor moved for annulment; . . . . But because a mechanistic application of 'factors' is inappropriate in making the determination of whether to annul the stay, in *Fjeldsted*, we observed that: [¶]'Mindful that such lists [of factors] are capable of being misconstrued as inviting arithmetic reasoning, we emphasize that these items are merely a framework for analysis and not a scorecard. **In any given case, one factor may so outweigh the others as to be dispositive**.' [¶] 293 B.R. at 25 (emphasis added).

*In re Williams*, *supra*, 323 B.R. at 700, italicized emphasis added, bolded emphasis in original. See also *In re Dupuy*, 308 B.R. 843, 848-849 (Bkrtcy. E.D.Tenn 2004):

> 'The stay may be annulled only in the presence of extraordinary circumstances, *which include the debtor's bad faith filing of the bankruptcy case*, a creditor's lack of "knowledge of the applicability of the automatic stay," and unfair prejudice to the creditor.' *In re Burrell*, 186 B.R. 230, 235 (Bankr.E.D.Tenn. 1995) (quoting *In re*

*Lipuma*, 167 B.R. 522, 526 (Bankr.N.D.Ill. 1994). The equitable exceptions justifying annulment of the stay ' must be applied sparingly.' *In re Printup*, 264 B.R. 169, 176 (Bankr.E.D.Tenn. 2001); compare *In re Washtenaw/Huron Inv. Corp No. 8*, 160 B.R. 74, 79-80 (E.D.Mich. 1993) (bankruptcy court did not abuse its discretion in annulling the automatic stay after finding that the bankruptcy was filed in bad faith); *Printup*, 264 B.R. at 176 (annulment was justified because debtor purposely attempted to conceal her whereabouts from authorities); *In re Hurst*, 212 B.R. 890, 893 (Bankr.W.D.Tenn. 1997) (annulment was justified when debtor violated consent order prohibiting re-filing prior to foreclosure) with *Scrima v. John Devries Agency, Inc.*, 103 B.R. 128, 135 (W.D.Mich. 1989) (bankruptcy court abused its discretion when it annulled the stay after finding that the debtor 'didn't do anything wrong.').

One of the primary purposes of bankruptcy is to provide the 'honest but unfortunate debtor' with the opportunity to make a 'fresh start.' [Citations.] Nevertheless, *all bankruptcy petitions must be filed in good faith and must be '"fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions."'* *In re Glenn*, 288 B.R. 516, 519-520 (Bankr.E.D.Tenn. 2002) (quoting *Norwest Fin. Tenn. v. Coggins (In re Coggins)*, 185 B.R. 762, 764 (Bankr.W.D.Tenn. 1995)). . . .

(Emphasis added.)

Motion to Reopen and to Annul Automatic Stay - 12 of 16
Case 07-11370-m11    Doc 100    Filed 03/14/08    Entered 03/14/08 09:22:29    Page 14 of 18

Insofar as the moving party is concerned, the debtors' lack of good faith in filing the Chapter 11 petition and in their failure to comply with the letter and spirit of the Code is indicated by a number of factors:

- The petition, despite omitting a number of significant assets, nonetheless indicated that the debtors' assets were substantially in excess of their acknowledged debts, and therefore that the debtors had little genuine need for the protections of bankruptcy.
- The petition was filed on the eve of the hearing on Hagan's motion for partial summary judgment in the California U.S. District Court action.[13]
- The debtors' attorneys in the District Court action, who themselves became creditors when their fees went unpaid, indicated that they had not been forewarned of the impending Chapter 11 filing.[14]
- The debt to Hagan was not mentioned anywhere in the debtors' Chapter 11 petition or schedules, although it was easily the largest unsecured claim against the debtors, other than priority claims for taxes.

Moreover, in exercising its authority to dismiss pursuant to 11 U.S.C. §1112(b), this Court has already examined the record in this case and found additional indicia of an absence of good faith:

---

[13] The same is true of the Chapter 7 proceeding filed on behalf of the debtors' Delaware LLC mere days before the scheduled hearing on Hagan's motion for summary judgment against that entity.

[14] See Declaration of George M. Wallace, ¶6.

- The debtors never filed a proposed plan for reorganization, and sought an extension of time to do so only as the statutory exclusivity period was on the verge of expiration. (See Order of Dismissal, ¶10.)
- The debtors did not file timely monthly operating reports. (Order of Dismissal, ¶11.)
- The debtors disposed of property of the estate without the court's permission. (Order of Dismissal, ¶12.)
- The debtors' omitted valuable property, particularly jewelry and race horses, from their scheduled of assets. (Order of Dismissal, ¶13.)

It has subsequently been revealed that the debtors continued to attempt to dispose of estate property, *even while the motion for dismissal was under consideration*. The Court held its hearing on the U.S. Trustee's motion on November 13, 2007, and ordered the dismissal on November 21, 2007. In pleadings filed in a subsequent action in the state courts of New Mexico, the debtors have alleged and admitted that they purported to transfer title to several of their race horses to a third party on November 15, 2007 -- after the motion had been heard, but before the order of dismissal issued, i.e., while those race horses were still property of the bankruptcy estate.[15]

The U.S. District Court in California granted partial summary judgment in favor of Hagan and against the debtors with knowledge of the automatic stay. Hagan's counsel brought the stay to the District Court's attention at the time of hearing, indicating counsel's understanding that for the Court to grant the motion would be a violation of the stay. Notwithstanding, the District Court granted the

---

[15] Declaration of George M. Wallace, ¶14 and Exhibit "B" thereto.

motion.  Moreover, since the dismissal of this case, the District Court has expressly reiterated its Judgment, again with full knowledge that the automatic stay was in place at the time of the original orders.[16]

Given that such a large proportion of the debts acknowledged in the Petition were secured, the debtors must necessarily have expected that those secured creditors would obtain relief from the stay and enforce those debts to the extent of their security.  The filing of the Chapter 11 petition operated principally as an obstacle to the continued pursuit of *un*secured debts, of which Hagan's unacknowledged claim was the most significant.  Until the dismissal of the debtors' Chapter 11 case, Hagan did not seek to enforce the partial summary judgment against them; now that the Chapter 11 case has been dismissed and now that the District Court's judgment has been reaffirmed by that Court, it is appropriate in light of the less than good faith of the debtors, that the obstacles that the Chapter 11 petition previously posed should be eliminated retroactively.  Accordingly, Hagan submits that the Court should reopen this case, grant this motion and annul the automatic stay, so as to reinvigorate the relief already granted to Hagan repeatedly by the District Court.

DATED:  March 14, 2008        */s/ George M. Wallace*
                                            GEORGE M. WALLACE
California Bar No. 101472
WALLACE & SCHWARTZ
215 North Marengo Avenue, 3rd Floor
Pasadena, California 91101-1504
(626) 844-6777; Fax (626) 795-0353
gwallace@wallace-schwartz.com
Attorney for MICHEAL H. HAGAN, Individually and on behalf of CRAIGMYLE HALTER COMPANY, LLC, a California limited liability company

---

[16]     Declaration of George M. Wallace, ¶16, and Exhibit "C" thereto.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served in accordance with the Federal Rules of Bankruptcy procedure on March 14, 2008, on the persons/entities identified as having received this via ECF notification.

>  */s/ George M. Wallace*
> George M. Wallace

Motion to Reopen and to Annul Automatic Stay - 16 of 16
Case 07-11370-m11   Doc 100   Filed 03/14/08   Entered 03/14/08 09:22:29   Page 18 of 18