UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CLYDE RUSK VELTMANN and
DIANTHA LYNN VELTMANN,

No. 11-07-11370 MR

Debtors.

## ORDER DENYING MOTION FOR RETROACTIVE ANNULMENT OF AUTOMATIC STAY

THIS MATTER is before the Court on the Motion for Order to Reopen Case and For Order Annulling Automatic Stay ("Motion") filed by Michael H. Hagan, individually, and on behalf of Craigmyle Halter Company, LLC, ("Movant" or Hagan) by and through his attorney of record, George M. Wallace. The Court held a final hearing on the Motion on June 23, 2008 and took the matter under advisement. Movant requests the Court to annul the automatic stay retroactively for the purpose of validating a judgment entered by the United States District Court for the Central District of California ("District Court") against Clyde Veltmann and Diantha Veltmann (together, Debtors or Veltmanns) and others in Case No. EDCV 07-64-0DW ("District Court Action"). Upon review of the Motion and after consideration of the arguments of counsel, the Court finds that Movant has failed to establish sufficient grounds for retroactive annulment of the automatic stay. Consequently, the Court will deny the Motion.

FACTS AND PROCEDURAL BACKGROUND

The Veltmanns filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 8, 2007. Hagan initiated the District Court Action and filed and served a motion for partial summary judgment in the District Court Action before the Veltmanns filed their bankruptcy petition. A Notice of Bankruptcy was filed in the District Court Action on June 14, 2007. Shortly thereafter, despite having actual notice of the pending bankruptcy proceeding,

1

and notwithstanding that the District Court Action was subject to the automatic stay imposed by 11 U.S.C. § 362, the District Court entered a partial summary judgment against the Veltmanns and others. Hagan did not seek relief from the automatic stay from this Court before the entry of the partial summary judgment in the District Court Action.

In November of 2007, the United States Trustee filed a motion to dismiss or convert the Veltmanns' bankruptcy case (Docket # 62 and Docket # 63). Creditor Fore Enterprises LTD joined in the motion to dismiss or convert. (Docket # 81). Hagan did not join in the United States Trustee's motion to dismiss or convert but nevertheless participated in the hearing and urged conversion rather than dismissal. The Court dismissed the Veltmanns' bankruptcy proceeding on November 21, 2007, following an evidentiary hearing on the motion to dismiss or convert. (Docket # 90). Hagan did not file the Motion until after the Veltmanns' bankruptcy case had been dismissed and closed.[1]

DISCUSSION

Relief from the automatic stay is governed by 11 U.S.C. § 362(d), which provides that the "court shall grant relief from the stay . . . for cause." 11 U.S.C. § 362(d). Because 11 U.S.C. § 362(d) provides for "terminating, annulling, modifying or conditioning" the stay, it is possible

---

[1]The Veltmanns' bankruptcy case was closed on December 6, 2007. Hagan filed the Motion on January 1, 2008. The Court required Hagan to seek to reopen the case before proceeding with the Motion. (*See* Order on Motion for Order Annulling Automatic Stay Determining that Movant Must First Seek to Reopen Debtors' Closed Bankruptcy Case before Court Can Consider any Further Request for Relief - Docket # 99). The case was reopened on March 17, 2008.

2

for a creditor to obtain retroactive annulment of the automatic stay.[2]  11 U.S.C. § 362(d). Movant asserts that the grounds for dismissal of Debtors' bankruptcy proceeding found by the Court in its Order Dismissing Chapter 11 Bankruptcy Case likewise establish sufficient cause for retroactive annulment of the automatic stay.   This Court disagrees.

The Court exercises its discretion both in determining whether "cause" exists to lift the automatic stay and in determining whether sufficient "cause" exists for granting a motion to dismiss or convert.[3]   But, unlike a motion to dismiss or convert which requires the court to consider whether dismissal or conversion of the case is in the best interest of all creditors and the bankruptcy estate, a request for retroactive annulment of the automatic stay benefits only the creditor who failed at the outset to request relief from the stay before taking action in violation of the stay.   Perhaps in part for this reason, retroactive annulment of the automatic stay is appropriate only in certain very limited circumstances.[4]

---

[2]*See In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir. 1984)("The word 'annulling' in this provision [§ 362(d)] evidently contemplates the power of bankruptcy courts to grant relief from the stay which as retroactive effect . . . ").

[3]*Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987) ("The decision as to whether to lift the stay is committed to the discretion of the judge presiding over the bankruptcy proceedings . . .")(citations omitted); *Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir. 1989)("The bankruptcy court has broad discretion under § 1112(b).")(citing S.Rep. No. 989, 95th Cong., 2d Sess. 117, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5903)(remaining citation omitted)).

[4]*Albany Partners,* 749 F.2d at 675 (acknowledging "that the important congressional policy behind the automatic stay demands that courts be especially hesitant to validate acts committed during the pendency of the stay."); *In re Laine,* 383 B.R. 166, 178 (Bankr.D.Kan. 2008)("Tenth Circuit authority is very clear that the circumstances in which a stay may be annulled are extremely limited."); *In re Dupuy,* 308 B.R. 843, 848 (Bankr.E.D.Tenn. 2004)(noting that "[t]he equitable exceptions justifying annulment of the stay 'must be applied sparingly.'")(quoting *In re Printup,* 264 B.R. 169, 176 (Bankr.E.D.Tenn. 2001)); *Schewe v. Fairview Estates (In re Schewe),* 94 B.R. 938, 951 (Bankr.W.D.Mich. 1989)( "Retroactive relief is only appropriate when a combination of factors justify the exercise of discretion to take such

The Tenth Circuit has stated that "[w]hile district courts and bankruptcy courts have the authority to 'annul' a stay, . . . thereby reinstating previous claims retroactively, such a result is rare and probably available only to claimants who were honestly ignorant of the bankruptcy stay." *Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1022, 1023 (10th Cir. 1994)(citations omitted). In addition to the creditor's knowledge of debtor's pending bankruptcy when taking action in violation of the stay, courts determining whether to annul the stay also consider whether the debtor filed the petition in bad faith or otherwise acted in bad faith.[5] Other factors include the prejudice to creditors if retroactive relief is not granted; whether the debtor has complied with the Bankruptcy Code and Rules; how quickly the creditor sought annulment or how quickly the debtor sought to set aside the act taken in violation of the stay; and whether the creditor continued to violate the stay after learning of the bankruptcy or moved expeditiously to seek annulment. *Fjeldsted,* 293 B.R. at 25. Even under *Fjeldsted*'s balancing of equities standard, "one factor may so outweigh the others as to be dispositive." *Id.*

---

extraordinary action.")(citing *In re Boston Business Machines,* 87 B.R. 867, 871 (Bankr.E.D.Pa. 1988). *But see In re Fjeldsted,* 293 B.R. 12, 15 (9th Cir. BAP 2003)(clarifying that the standard for retroactive annulment in the Ninth Circuit requires a balancing of the equities, which "standard is not 'extreme circumstances,' which is at odds with the court's broad exercise of its discretion.")

[5]*See, In re Coletta,* 380 B.R. 140, 147 n.18 (Bankr.E.D.Pa. 2007)(debtor's inequitable conduct, such as repetitive, bad faith bankruptcy filings, is relevant to the determination of whether to annul stay); *In re Elder-Beerman Stores Corp.,* 195 B.R. 1012, 1017 (Bankr.S.D.Ohio 1996)(factors to consider include "the debtor's bad faith in filing the bankruptcy petition and the moving party's knowledge of the bankruptcy at the time of its action."); *In re Siciliano,* 167 B.R. 999, 1008 (Bankr.E.D.Pa. 1994)(stating that "many courts will annul the stay only if the debtor is guilty of some inequitable conduct, such as abusive and/or repetitive bankruptcy filings.")(citations omitted); *Scrima v. John Devries Agency, Inc.,* 103 B.R. 128, 135 (W.D.Mich. 1989)("Generally, courts grant or affirm annulments of automatic stays only where evidence of the debtor's bad faith exists.")(citations omitted).

4

The Court dismissed the Veltmanns' bankruptcy case based in part on the Veltmanns' failure to file timely monthly operating reports, their failure to list in their initial statements and schedules certain race horses which they admitted ownership of at the meeting of creditors, and on the fact that they sold certain property of the estate without first obtaining permission from the Court. *See* Order Dismissing Chapter 11 Bankruptcy Case, ¶¶ 11, 12, and 13. But the Court did not make a finding that the Veltmanns filed their petition in bad faith. The Veltmanns' shortcomings resulted in dismissal of their bankruptcy but are insufficient to justify retroactive annulment of the stay in light of Hagan's failure to timely seek relief from the automatic stay despite having knowledge of the pending bankruptcy.

A notice of the Veltmanns' bankruptcy was filed in the District Court Action, but Hagan did not request relief from the automatic stay from this Court before the District Court entered its judgment. And when the District Court entered its judgment in the face of the automatic stay, Hagan still did not seek to remedy the situation until after the Veltmanns' bankruptcy proceeding had been dismissed and closed, some five months later. In sum, the Court will not grant Hagan's request for retroactive annulment of the automatic stay when it is clear that Hagan knew of the existence of the automatic stay, knew that the District Court's entry of the partial summary judgment violated the stay, and failed to seek relief until after the Veltmanns' bankruptcy case had been dismissed.

<u>The Partial Summary Judgment Entered by the District Court in Violation of the Automatic Stay is Void.</u>

"It is well established that any action taken in violation of the automatic stay is void and without effect." *Ellis v. Consol. Diesel Elec. Corp.,* 894 F.2d 371, 372 (10th Cir. 1990)(citing *Kalb v. Feuerstein,* 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940)("the action of the

. . . court was not merely erroneous but was beyond its power, void and subject to collateral attack")(remaining citations omitted)).[6] The District Court entered the partial summary judgment against the Veltmanns after the filing of the Veltmanns' bankruptcy proceeding and without prior relief from the automatic stay. It is void as a matter of law.[7] Having denied Hagan's request for retroactive annulment of the automatic stay, the District Court's judgment against these Debtors is void and of no effect.

      WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

*/s/ Mark B. McFeeley*
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: July 7, 2008

COPY TO:

Charles E Hawthorne
Attorney for Debtor
900 Sudderth Dr
Ruidoso, NM 88345-7224

George M. Wallace
Attorney for Michael Hagan
215 North Marengo Ave., 3rd Floor
Pasadena, CA 91101-1504

---

[6] *See also, In re Gagliardi,* 290 B.R. 808, 814 (Bankr.D.Colo.2003)(noting that "[a]ctions taken in violation of the automatic stay are void and of no force or effect, even when there is no actual notice of the existence of the stay.")(citing *In re Calder,* 907 F.2d 953, 956 (10th Cir. 1990)(remaining citations omitted). Here, the parties, including the District Court, had actual notice of the Veltmanns' pending bankruptcy proceeding.

[7] *Ellis v. Consol. Diesel Elec. Corp.,* 894 F.2d at 373 (holding that summary judgment entered by the district court before the automatic stay was lifted was void, despite the fact that the automatic stay was subsequently lifted).